IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMONNE TRAVIS,

        Plaintiff,

                              CIVIL ACTION
   vs.                         No. 07-3006-SAC

(FNU) PARKER, et al.,

        Defendants.

ORDER

    This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action during his incarceration at the Wyandotte County Detention Center. He proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action upon his satisfaction of the outstanding fee obligations in Case Nos. 06-3346 and 06-3347. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**Background**

Plaintiff's claims arise from the following factual allegations:

On December 4, 2006, plaintiff was seen in the segregation unit by the jail's classification division regarding a disciplinary action for disrupting an officer. On the following day, he was referred to a therapist, who recommended psychotropic drugs. Plaintiff alleges this is a plot to control him in order to impair his access to the court.

On December 22, 2006, plaintiff was told that if he did not accept a wristband, he would be placed on suicide watch. Plaintiff alleges that he already had a wristband to identify him. He asserts this is racial discrimination and based upon his previous lawsuits.

Plaintiff claims that on three consecutive days in December 2006, he submitted grievance forms which were not answered. He alleges this is racial discrimination and based upon a previous lawsuit.

Finally, plaintiff claims that he was held in Wyandotte County from September 14, 2006, to the time he filed the complaint in violation of his right to a speedy trial. He alleges this is racial discrimination and slavery.

**Discussion**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

The court has considered the allegations in the complaint and concludes that this matter may be summarily dismissed.

Plaintiff's allegations of cruel and unusual punishment arising from the recommendation that he take psychotropic medication, the failure to answer certain grievances, and the requirement that he wear a wristband are insufficient to state

a claim for relief. To prevail on an Eighth Amendment claim based upon conditions of confinement, a prisoner must establish first, that the conditions created a substantial risk of serious harm and second, that prison officials acted with "'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

Not only do the conditions cited by plaintiff fall short of a risk of serious harm,[2] there is no factual support for plaintiff's claims that the actions in question were discriminatory or intended to interfere with his access to the courts[3] and no evidence of the requisite deliberate indifference.

Next, to the extent plaintiff asserts a violation of his right to a speedy trial, he must proceed in habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973)("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not

---

[2] In reaching this conclusion, the court specifically notes that plaintiff does not allege that he was ever subjected to an involuntary administration of psychotropic medication; rather, his complaint alleges that the facility therapist recommended such medication.

[3] Court records reflect that plaintiff filed five actions in this court between December 18, 2006, and January 9, 2007.

to the fact or length of his custody.")  Only if plaintiff prevails in having his conviction[4] set aside in a criminal appeal or habeas corpus may he proceed in an action under § 1983 on this claim.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

For the reasons set forth, plaintiff's claims relating to the conditions of his confinement are dismissed with prejudice. His claim alleging the denial of a speedy trial is dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the filing fees in Case Nos. 06-3346 and 06-3347 and the $350.00 filing fee in this matter.

IT IS FURTHER ORDERED this matter is dismissed. Plaintiff's claims challenging the conditions of his confinement are denied with prejudice.  The claim alleging the denial of a speedy trial is denied without prejudice.

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

---

[4] The court takes judicial notice that plaintiff was sentenced in late April 2007 in Case No. 06CR 1854.

Dated at Topeka, Kansas, this 18th day of July, 2007.

                S/ Sam A. Crow
                SAM A. CROW
                United States Senior District Judge